UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA  )  | |
| )  | Criminal No.: 1:11-cr-115 |
| v.  )  | |
| )  | The Hon. Liam O'Grady |
| JORGE AVILA TORREZ,  )  | |
| )  | |
| Defendant.  )  | |

**DEFENDANT TORREZ'S MOTION TO
SUPPRESS STATEMENTS MADE TO JAILHOUSE INFORMANTS**

COMES NOW the defendant Jorge Avila Torrez ("Mr. Torrez"), by counsel, and pursuant to the Sixth Amendment to the United States Constitution and *Massiah v. United States*, 377 U.S. 201 (1964), hereby moves this Court to suppress any statements made in violation of Mr. Torrez's Sixth Amendment right to counsel.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 26, 2011, the grand jury returned a one count Indictment charging Mr. Torrez with one count of murder of Amanda Snell in violation of 18 U.S.C. § 7(3) and 1111. The Indictment includes a Notice of Special Findings. As will be explained in further detail below, the Notice of Special Findings alleges two statutory aggravating factors that must be proven beyond a reasonable doubt before Mr. Torrez is eligible for the death penalty - in other words, before Mr. Torrez can be convicted of "capital murder." Specifically, the Notice of Special Findings alleges that (1) Mr. Torrez "has previously been convicted of a state offense punishable by a term of imprisonment of more than 1 year, involving the use or attempted use or threatened use of a firearm against another person (18 U.S.C. § 3592(c)(2))", and (2) that Mr. Torrez "has previously been convicted of 2 or more state offenses punishable by a term of imprisonment of more than 1 year committed on

different occasions, involving the inflicting of, or attempted infliction of, serious bodily injury or death upon another person (18 U.S.C. § 3592 (c)(4))." (Indictment at 3). On February 29, 2012, the government filed its Notice of Intent to Seek a Sentence of Death.

In the government's Notice of Intent to Seek a Sentence of Death, the government describes "Statutory Aggravating Factors Under 18 U.S.C. § 3592(c)." These factors are the factors originally listed in the Indictment that the government must prove beyond a reasonable doubt to convict Mr. Torrez of capital murder. In particular, first, the Notice of Intent to Seek a Sentence of Death explains that the government intends to prove, pursuant to 18 U.S.C. § 3592(c)(2), that Mr. Torrez has a previous conviction of a violent felony involving a firearm. The convictions the government intends to offer to prove this factor are:

- "Use of a Firearm in a Felony, Case No. 10-505, in the Circuit Court of Arlington County, Virginia;"

- "Use of a Firearm in a Felony, Case No. 10-593, in the Circuit Court of Arlington County, Virginia;"

- "Use of a Firearm in a Felony, Case No. 10-595, in the Circuit Court of Arlington County, Virginia;"

- "Breaking and Entering while Armed, Case No. 10-597, in the Circuit Court of Arlington County, Virginia;"

- Use of a Firearm in a Felony, Case No.-598, in the Circuit Court of Arlington County, Virginia."

(Notice of Intent to Seek a Sentence of Death at 3). Second, the Notice of Intent to Seek a Sentence of Death explains that the government intends to prove, pursuant to 18 U.S.C. § 3592(c)(4), that Mr. Torrez has previously been convicted of 2 or more State offense punishable by a term of imprisonment or more than 1 year committed on different occasions, involving the infliction of, or

attempted infliction of serious bodily injury or death upon another person. The convictions the government intends to offer to prove this factor are:

- "Abduction with Intent to Defile, Case No. 10-503, in the Circuit Court of Arlington County, Virginia;"

- "Robbery, Case No. 10-504, in the Circuit Court of Arlington County, Virginia;"

- Abduction, Case No. 10-591, in the Circuit Court of Arlington County, Virginia;"

- "Rape, Case No. 10-592, in the Circuit Court of Arlington County, Virginia;"

- "Robbery, Case No. 10-594, in the Circuit Court of Arlington County, Virginia;"

- "Abduction with Intent to Defile, Case No. 10-596, in the Circuit Court of Arlington County, Virginia;"

- "Forcible Sodomy, Case No. 10-602, in the Circuit Court of Arlington County, Virginia;"

- "Forcible Sodomy, Case No. 10-603, in the Circuit Court of Arlington County, Virginia;"

- "Forcible Sodomy, Case No. 10-604, in the Circuit Court of Arlington County, Virginia."

(Notice of Intent to Seek a Sentence of Death at 3-4). Collectively, all of the above listed offenses will be referred to as the "Arlington Offenses."

In August of 2010, while awaiting trial on the Arlington Offenses at the Arlington Detention Center, Mr. Torrez made statements regarding Ms. Snell to a jailhouse informant, Osama El-Atari. Mr. El-Atari is a federal prisoner who was being charged with fraud. Specifically, Mr. El-Atari had been charged with defrauding banks of more than $53,000,000. He eventually pled guilty to four counts relating to that fraud. Mr. El-Atari recorded the conversations between himself and Mr.

Torrez. On at least six occasions Mr. Torrez made statements regarding Ms. Snell's death to Mr. El-Atari. Mr. Torrez's descriptions of Ms. Snell's death, however, vary widely, conflict with each other, and are frequently not corroborated by the physical evidence. At the time he made these statements, Mr. Torrez was represented by counsel in connection with the Arlington Offenses. He was not yet represented by counsel in connection with the capital murder charge at issue here.

## ARGUMENT

At the time he was incarcerated and questioned by the government's inmate-agent, Mr. Torrez was protected by the Sixth Amendment right to counsel. Therefore, statements he gave to the inmate must be suppressed. "The Sixth Amendment prohibits the government from deliberately eliciting incriminating statements from the accused 'after he has been indicted and in the absence of counsel.'" *United States v. Mir*, 525 F.3d 351, 355 (4th Cir. 2008) (quoting *Massiah*, 377 U.S. at 206). As explained below, although Mr. Torrez was only represented by counsel in connection with the Arlington Offenses at the time he made statements to Mr. El-Atari, because this is a federal death penalty case and because the government intends to utilize the Arlington Offenses as the statutory aggravating factors which must be proven beyond a reasonable doubt to make Mr. Torrez eligible for the death penalty, the Arlington Offenses are part of the same "offense" as the capital murder charge Mr. Torrez faces here, and thus his Sixth Amendment protections must apply.

*Massiah* and its progeny provide clear rules limiting how the government – including inmates acting on the government's behalf – can interact with a defendant while he is represented by counsel. The government and its inmate-agent cannot actively engage a defendant in a conversation that is likely to elicit incriminating statements about the defendant's upcoming trial. *See Maine v. Moulton*, 474 U.S. 159, 170-72 (1985) (holding government has "affirmative obligation not to act in a manner

that circumvents" an accused's Sixth Amendment rights). As this Court has explained, if the government's agent acts as more than a "mere 'listening post'" and "'participates in active conversation and prompts particular replies,'" the conversation becomes the functional equivalent of police interrogation. *United States v. Lentz*, 419 F. Supp.2d 794, 800 (E.D.Va. 2005) (quoting *Kuhlmann* v. *Wilson*, 477 U.S. 436, 459 (1986)). *See also Moulton*, 474 U.S. at 176 (emphasizing that Sixth Amendment includes "State's affirmative obligation not to act in a manner that circumvents the protections accorded the accused by invoking this right.")

These procedural protections are all the more important in capital cases. Through its Eighth Amendment jurisprudence, the Supreme Court of the United States has held that capital cases require an increased reliability of process. *See Herrera v. Collins*, 506 U.S. 390, 405 (1993) ("the Eighth Amendment requires increased reliability of process."); *see also Sawyer v. Smith*, 497 U.S. 227, 243 (1990) ("All of our Eighth Amendment jurisprudence concerning capital sentencing is directed toward the enhancement of reliability and accuracy in some sense."). After the death penalty was reinstated in the wake of *Gregg v. Georgia*, the Supreme Court of the United States held that the Constitution will not tolerate sentences of death that are imposed in a manner that is arbitrary or capricious. 428 U.S. 153 (1976). In *Eddings v. Oklahoma*, the Court referred to the "flip side" of this approach, insisting "that capital punishment be imposed fairly, and with reasonable consistency, or not at all." 455 U.S. 104, 112 (1982). Under the Eighth Amendment, courts must now balance imposing some uniformity in the imposition of capital sentences while at the same time ensuring that capital sentences are truly imposed in an individualized manner. In pursuit of this goal, capital trials and sentencings "require[] increased reliability of process." *Herrera*, 506 U.S. at 405.

The Federal Death Penalty Act (the "FDPA") is fundamentally different from other criminal offenses. *See* 18 U.S.C. § 3591. Pursuant to the FDPA, the government is required to prove statutory aggravating factors beyond a reasonable doubt before a defendant can be convicted of capital murder and is even eligible for the death penalty. *See* 18 U.S.C. §§ 3592-3593 (setting forth aggravating factors and penalty phase hearing procedures). Here, the government has alleged two statutory aggravating factors. First, pursuant to 18 U.S.C. § 3592(c)(2), the government alleges that Mr. Torrez "has been previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than 1 year, involving the use of attempted or threatened use of a firearm . . . against another person." Second, pursuant to 18 U.S.C. § 3592(c)(4), the government alleges that Mr. Torrez "has previously been convicted of 2 or more Federal or State offenses, punishable by a term of imprisonment of more than 1 year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person." As set forth in the Indictment and the government's Notice of Intent to Seek a Sentence of Death, the convictions that the government seeks to prove these factors with are the convictions for the Arlington Offenses. Because these statutory aggravating factors must be proven beyond a reasonable doubt, they are elements of the offense. In other words statutory aggravating factors are elements of "capital murder" under the FDPA. In this case, that means the Arlington Offenses, as the sole statutory aggravating factors, are elements of the capital murder charge against Mr. Torrez.

A key tenant of *Massiah* and its progeny is that while the Sixth Amendment right to counsel is offense specific, the term "offense" is "not necessarily limited to the four corners of a charging instrument." *Texas v. Cobb*, 532 U.S. 162, 173 (2001). Instead, the Court concluded that the Sixth Amendment right to counsel utilizes the same rationale applied to the definition of offenses under

the Fifth Amendment and encompasses "offenses that, even if not formally charged, would be considered the same offense under the [*Blockburger v. United States*, 284, U.S. 299 (1932)] test." *Cobb*, 532 U.S. at 173. Essentially, under *Blockburger* a defendant may not be tried for lesser and greater charges using the same evidence. The Supreme Court has specifically addressed how these Fifth and Sixth Amendment concerns apply the death penalty context.

In *Ring v. Arizona*, 536 U.S. 584 (2002), the Supreme Court addressed whether pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), aggravating factors needed to be proven beyond a reasonable doubt to make a defendant eligible for the death penalty. The Court held that aggravating factors that make a defendant eligible for the death penalty did indeed need to be proven beyond a reasonable doubt and went on to explain that: "'[U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.'" *Ring*, 536 U.S. at 600 (quoting *Jones v. United States*, 526 U.S. 227, 243 n. 6 (1999). Simply put, any factor that would make a defendant eligible for the death penalty are elements of the offense and thus must be charged in the indictment, as they were here, and submitted to a jury and proven beyond a reasonable doubt.

Here, the government alleges that Mr. Torrez committed a series of offenses that he made statements about to Mr. El-Atari. Amongst these statements, Mr. Torrez allegedly confessed to the murder of Ms. Snell. At the time Mr. Torrez made these statements, he was represented by counsel in connection with the Arlington Offenses. He was not, however, represented by counsel in connection with the capital murder charges here. Nonetheless, because the government has chosen to utilize the Arlington Offenses as statutory aggravating factors, they are elements of the capital

murder charge against Mr. Torrez under the FDPA. This incorporation makes the the Arlington Offenses part and parcel of the offense charged here, and the same constitutional protections must apply. In other words, because of the structure of the FDPA, aggravating factors are encompassed as part of the "offense" for purposes of both Fifth and Sixth Amendment analysis as the Supreme Court set forth in *Massiah* and *Ring*. Thus, because Mr. Torrez was not represented by counsel in connection with the capital murder charge when he made statements to Mr. El-Atari, any statements made by Mr. Torrez to Mr. El-Atari must be suppressed as they were made in violation of Mr. Torrez's Sixth Amendment rights.

## **CONCLUSION**

For the reasons stated herein, Mr. Torrez respectfully requests that the Court suppress any statements made to these inmates in violation of his Sixth Amendment right to counsel.

        Respectfully submitted,
        Jorge Avila Torrez
        By Counsel

        _____/s/_____
        Geremy C. Kamens
        Virginia Bar No. 41596
        First Assistant Federal Public Defender
        Attorney for Mr. Torrez
        1650 King St., Suite 500
        Alexandria, Virginia 22314
        Tel. (703) 600-0800
        Fax (703) 600-0880
        Geremy_Kamens@fd.org

        _____/s/_____
        Christopher M. Davis
        Admitted Pro Hac Vice
        Attorney for Mr. Torrez
        Davis & Davis
        1350 Connecticut Avenue, NW
        Suite 202
        Washington, DC 20036
        (202) 234-7300
        cdavisdc@aol.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 12th day of October, 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mr. Michael E. Rich
Assistant United States Attorney
2100 Jamieson Ave.
Alexandria, Virginia, 22314
(703) 299-3700
mike.rich@usdoj.gov

                                                /s/
                                     Geremy C. Kamens
                                     Virginia Bar No. 41596
                                     First Assistant Federal Public Defender
                                     Attorney for Mr. Torrez
                                     1650 King St., Suite 500
                                     Alexandria, Virginia 22314
                                     Tel. (703) 600-0800
                                     Fax (703) 600-0880
                                     Geremy_Kamens@fd.org