UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 1:11-cr-115 |
| v. ) | |
| ) | The Hon. Liam O'Grady |
| JORGE AVILA TORREZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S NON-CONFIDENTIAL MEMORANDUM ACCOMPANYING ITS MOTION FOR A PROTECTIVE ORDER PROVIDING PROSPECTIVELY FOR FILING DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 49(E)**

The Defendant, Jorge Avila Torrez, by counsel and pursuant to Local Rule 49(E) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order sealing the documents attached to this Motion to Seal.

**I.      Items to be Sealed and Necessity for Sealing**

1.      The defendant asks the Court to seal Defendant's Motion to Substitute Counsel and attached exhibit filed on February 8, 2013.

2.      Sealing is necessary in order to ensure that information contained in the attached filing remains confidential. Counsel for the defendant has considered procedures other than sealing and none will suffice to protect this information from disclosure.

**II.     Previous Court Decisions Which Concern Sealing Documents**

3.      The Court has the inherent power to seal materials submitted to it. "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). As the Fourth Circuit explained in *United States v. Smith*, 640 F.3d

580, 594 (2011), information relevant to a motion to substitute counsel involving attorney-client communications is appropriately considered "in the absence of government counsel." Sealing is also appropriate where there is a substantial probability that the release of the sealed document would compromise the defendant's theories of his defenses to the prosecution. *See e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F. Supp. 366 (D. Kan. 1992).

WHEREFORE, the Defendant respectfully requests that an Order be entered allowing Defendant's Motion to Substitute Counsel to be placed Under Seal. An appropriate Order is attached.

    Respectfully submitted,
    Jorge Avila Torrez
    By Counsel

    /s/
    Geremy C. Kamens
    Virginia Bar No. 41596
    First Assistant Federal Public Defender
    Attorney for Mr. Torrez
    1650 King St., Suite 500
    Alexandria, Virginia 22314
    Tel. (703) 600-0800
    Fax (703) 600-0880
    Geremy_Kamens@fd.org

    /s/
    Christopher M. Davis
    Admitted Pro Hac Vice
    Davis & Davis
    Attorney for Mr. Torrez
    1350 Connecticut Avenue, NW
    Suite 202

Washington, D.C. 20036  
Telephone: (202) 234-7300  
E-mail: cdavisdc@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of February, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Mr. Michael E. Rich  
Assistant United States Attorney  
2100 Jamieson Ave.  
Alexandria, Virginia, 22314  
(703) 299-3700  
mike.rich@usdoj.gov

      /s/  
Geremy C. Kamens  
Virginia Bar No. 41596  
Assistant Federal Public Defender  
Attorney for Mr. Torrez  
1650 King St., Suite 500  
Alexandria, Virginia 22314  
Tel. (703) 600-0800  
Fax (703) 600-0880  
Geremy_Kamens@fd.org