IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:11cr115 (LO) |
| | ) | |
| JORGE AVILA TORREZ | ) | |

**MEMORANDUM OF THE UNITED STATES
REGARDING COMPETENCY EVALUATION AND HEARING**

The United States, through the undersigned counsel, hereby submits the following memorandum in response to the Court's February 21, 2013 Order (Docket 254).

**1.  Competency Evaluation and Report**

The Court's Order indicates that it has received the written report of Dr. Richard Ratner concerning his competency evaluation of the defendant. Dr. Ratner concludes that the defendant is competent to make decisions regarding his legal representation, including a decision whether to represent himself at trial. The report is under seal and has not been provided to the government.

      a.    **Dr. Ratner's Report.** As a preliminary matter, the United States requests that we be provided with a copy of the report. Under 18 U.S.C. § 4247(c), the report "shall be filed with the court with copies provided . . . to the attorney for the Government . . . ." We do not object to the redaction of those parts of the report discussing the defendant's relationship (and disputes) with counsel. The statute, however, is clear that the government is entitled to the information enumerated in § 4247(c)(1) through (4)(A). The concerns expressed by defense counsel at the prior hearing regarding the government's access to this report are addressed by § 4241(f), which provides that a finding of competency is not admissible at trial.

**b.     Competency Hearing.**  The Court's Order states that the hearing on February 22, 2013, will concern the defendant's conflict with appointed counsel.  There is no mention in the Order whether the Court intends to conduct a competency hearing pursuant to 18 U.S.C. §§ 4241(c) and 4247(d), and the government presumes that it does not.

The United States sees no reason to conduct a full competency hearing under § 4247(d).  The government has no information, evidence or reason to believe that the defendant is not competent.  The defendant's demeanor in court, his responses to the Court's inquiries (*e.g.*, his waiver of speedy trial rights), and his recent letter to the Court are consistent with Dr. Ratner's findings.  The government's investigation in this case, which has included interviews with friends and acquaintances of the defendant over many years and a review of available school, military, and prison records have revealed no evidence that the defendant is not competent or that he suffers from any mental disease or defect that would affect is competence to stand trial or make decisions regarding his legal representation.  In addition, the defendant was tried in state court in 2010 on serious felony charges, and the record in that case indicates that no competency issues were raised by the defendant or his counsel at trial or sentencing.

Defense counsel had objected to conducting the competency evaluation under § 4241(b).  The United States requests that the Court inquire of the defendant and his counsel whether they have any objection to the manner in which the evaluation was conducted or to Dr. Ratner's findings.  Specifically, the government requests that the Court require the defendant and his counsel to state on the record any such objections and the factual bases for them.  Defense counsel has had considerable contact with the defendant since this case was indicted in June 2011 and has conducted an extensive investigation into his background; presumably, defense counsel would have filed a motion under § 4241(a) if counsel had any reason to believe the defendant was not competent to stand trial.  At this stage in the proceedings, however, it is

important that the record reflect any such concerns or objections defense counsel may have, to the extent they have not be raised previously in *ex parte* hearings or pleadings.

    2.    **Hearing Regarding Counsel.** The government can address the issues regarding counsel only in a very general fashion. The finding that the defendant is competent simply means the defendant is capable of making knowing, intelligent and voluntary decisions regarding his representation. It is now incumbent upon the Court to ensure that those decisions are just that – knowing, intelligent and voluntary. We – the Court, defense counsel and the prosecution – may not agree with the defendant's choices, but we are obligated to protect his right to make these choices. *See Faretta v. California*, 422 U.S. 806, 819-21 (1975).

    a.    **Right to Substitute Counsel.** As we stated before (Docket 232 ), the initial inquiry should address whether the defendant's desire to represent himself as expressed in his letter dated January 28, 2013 (Docket 226), is unequivocal, that is, whether his choice to represent himself is based on a belief that he is not entitled to the appointment of substitute counsel. In this regard, the Court should first determine whether the defendant has a right to substitute counsel. As discussed in *United States v. Smith*, 640 F.3d 580 (4th Cir. 2011), the Court has a duty to inquire into the factual basis for the defendant's dissatisfaction with his current counsel in determining whether the conflict is so great that it has resulted in a total lack of communication preventing an adequate defense. *Id.* at 588.

If the Court determines that the defendant is entitled to substitute counsel (and by counsel, we are referring to his right to two attorneys), the Court should question the defendant to determine whether he fully understands the consequences of proceeding with new counsel if that is his choice. These consequences include, among others, that the trial most likely will be continued (which, in his letter, the defendant states he does not want); that the Court is not required to "start over" and might not reconsider or change any of its prior rulings; that new

counsel will be chosen by the Court and will have to meet certain qualifications; and that the issues the defendant has with his current counsel may reoccur with new counsel.

We believe that the Court should also inquire as to whether the defendant would be willing to proceed with one of his current counsel if one substitute counsel were appointed, or whether he wold be willing to proceed with current counsel if a third attorney were appointed. We suggest these alternatives in light of the defendant's concerns that his trial proceed expeditiously. These alternatives would most likely be less costly than the appointment of two new attorneys. If the defendant were to accept such an alternative, the Court must be satisfied that the defendant will communicate effectively with all of his attorneys including current counsel if one or both were to remain on the case.

        **b.**    **Self Representation.** Should the Court determine that the defendant is entitled to substitute counsel, the Court must then determine whether the defendant is willing to accept substitute counsel or whether the defendant wishes to proceed *pro se*. If the defendant elects to proceed with substitute counsel, the Court should advise the defendant that he has a right to proceed *pro se* and what that would entail. The point of this inquiry would be satisfy the Court that the defendant's decision to proceed with substitute counsel is indeed voluntary and not coerced given his letter expressing a desire to proceed *pro se*.

Similarly, should the Court determine that the defendant is not entitled to substitute counsel, the Court must then determine whether the defendant wishes to proceed *pro se*. This would require a lengthy discussion with the defendant concerning his *Faretta* rights and how the case would proceed should he choose to represent himself.

The government submits that we must be present and able to participate in any such colloquy, particularly the more lengthy colloquy required should the defendant indicate a desire to proceed *pro se*. That colloquy must include a discussion of death penalty procedures,

including jury selection, trial, and sentencing, as well as a discussion of the type of evidence the government will present in its case in chief (including, *e.g.*, expert testimony). Whether the Court should proceed with that colloquy at the February 22 hearing is a subject the government suggests should be discussed at the hearing.

The Court's Order indicates that the hearing will proceed *ex parte*. The government will be present at the commencement of the hearing to address any issues raised by this pleading. The government does not object to being excluded from the Court's consideration of the defendant's conflict with current counsel. The government submits, however, that we should be present and able to participate in all other aspects of the hearing.

Respectfully submitted,

Neil H. MacBride
United States Attorney
\s\
Michael E. Rich
James L. Trump
Jonathan L. Fahey
Assistant United States Attorneys
Robert J. Heberle
Special Assistant
United States Attorney
VSB: 33808
Attorneys for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3758
Fax: (703) 299-3982
mike.rich@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of February 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Geremy C. Kamens, Esq.
Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Tel: (703) 600-0860
Fax: (703) 600-0880
geremy_kamens@fd.org

Christopher M. Davis, Esq.
Davis & Davis
1350 Connecticut Ave., NW
Suite 202
Washington, DC 20036
Tel: (202) 234-7300
Fax: (202) 223-7005
cdavisdc@aol.com

                                          Michael E. Rich
                                          Assistant United States Attorney