FILED
IN OPEN COURT

APR 2 4 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:11cr115 (LO) |
| | ) | |
| JORGE AVILA TORREZ | ) | |

**SELECTION PHASE**
**SPECIAL VERDICT FORM**

You should proceed through this Selection Phase Special Verdict Form section by section in order, beginning with Section I, consistent with the Court's oral instructions and the instructions on this form.

# SECTION I
## NON-STATUTORY AGGRAVATING FACTORS

**Instructions:**

In the Eligibility Phase, you unanimously found that the following two statutory aggravating factors had been proved beyond a reasonable doubt in this case:

The defendant, JORGE AVILA TORREZ:

(1) has previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm (as defined in 18 U.S.C. § 921) against another person, namely:

    A. Use of a Firearm in Felony, Case No. 10-505, in the Circuit Court of Arlington County, Virginia (the abduction and robbery of M.N. on February 10, 2010).

    B. Use of a Firearm in Felony, Case No. 10-593, in the Circuit Court of Arlington County, Virginia (the robbery of K.M. on February 27, 2010).

    C. Use of a Firearm in Felony, Case No. 10-595, in the Circuit Court of Arlington County, Virginia (the abduction of K.M. on February 27, 2010).

    D. Breaking and Entering while Armed, Case No. 10-597, in the Circuit Court of Arlington County, Virginia (the abduction of K.M. and J.T. on February 27, 2010).

    E. Use of a Firearm in Felony, Case No. 10-598, in the Circuit Court of Arlington County, Virginia (the abduction of J.T. on February 27, 2010).

(2) has previously been convicted of 2 or more State offenses punishable by a term of imprisonment of more than 1 year, committed on different occasions, involving the infliction of, or attempted infliction of serious bodily injury or death upon another person, namely:

    A. Abduction with Intent to Defile, Case No. 10-503, in the Circuit Court of Arlington County, Virginia (the abduction of M.N. on February 10, 2010).

    B. Robbery, Case No. 10-504, in the Circuit Court of Arlington County, Virginia (the robbery of M.N. on February 10, 2010).

    C. Abduction, Case No. 10-591, in the Circuit Court of Arlington County, Virginia (the abduction of J.T. on February 27, 2010).

D. Rape, Case No. 10-592, in the Circuit Court of Arlington County, Virginia (the rape of J.T. on February 27, 2010).

E. Robbery, Case No. 10-594, in the Circuit Court of Arlington County, Virginia (the robbery of K.M. on February 27, 2010).

F. Abduction with Intent to Defile, Case No. 10-596, in the Circuit Court of Arlington County, Virginia (the abduction of K.M. on February 27, 2010).

G. Forcible Sodomy, Case No. 10-602, in the Circuit Court of Arlington County, Virginia (the sexual assault of J.T. on February 27, 2010).

H. Forcible Sodomy, Case No. 10-603, in the Circuit Court of Arlington County, Virginia (the sexual assault of J.T. on February 27, 2010).

I. Forcible Sodomy, Case No. 10-604, in the Circuit Court of Arlington County, Virginia (the sexual assault of J.T. on February 27, 2010).

You must now determine whether, in addition to these statutory aggravating factors, any non-statutory aggravating factors have been proved in this case. For each of the following alleged non-statutory aggravating factors, answer **YES** or **NO** as to whether you unanimously find by proof beyond a reasonable doubt the existence of that factor. You should consider and make written findings as to each of the alleged non-statutory aggravating factors.

We the jury, unanimously find by proof beyond a reasonable doubt the following:

1. On or about May 8, 2005, the defendant, JORGE AVILA TORREZ, killed Krystal Tobias, age nine, and Laura Hobbs, age eight, in a park near their homes in Zion, Illinois. TORREZ stabbed Krystal Tobias eleven times. TORREZ stabbed Laura Hobbs approximately twenty times, including in both eyes.

    __X__  YES

    _____  NO

2. On or about May 8, 2005, the defendant, JORGE AVILA TORREZ, sexually assaulted Laura Hobbs, age eight, in a park near her home in Zion, Illinois.

    __X__  YES

    _____  NO

3. During the late night hours of February 4 and early morning hours of February 5, 2010, and again during the late night hours of February 5 and the early morning hours of February 6, 2010, in Arlington County, Virginia, the defendant, JORGE AVILA TORREZ, driving his Dodge Durango, stalked females for sexual assault.

    __X__  YES

    _____  NO

4. On or about February 5, 2010, the defendant, JORGE AVILA TORREZ, purchased a Glock semiautomatic pistol to use in abducting, robbing and sexually assaulting female victims.

    __X__  YES

    _____  NO

5. On or about February 10, 2010, the defendant, JORGE AVILA TORREZ, abducted M.N. at gunpoint as she walked along Quincy Street in Arlington County, Virginia. TORREZ then grabbed M.N. and, brandishing a knife, robbed her and tried to force her into his Dodge Durango.

  __X__ YES

  _____ NO

6. On or about February 27, 2010, the defendant, JORGE AVILA TORREZ, abducted K.M. and J.T. at gunpoint as they approached K.M.'s house in Arlington County, Virginia. TORREZ demanded money from the two women. He then forced them inside K.M.'s house, where he first tied them up together and then separately.

  __X__ YES

  _____ NO

7. On or about February 27, 2010, the defendant, JORGE AVILA TORREZ, grabbed J.T. and forced her at gunpoint out of the house and into his Dodge Durango. TORREZ drove away with J.T. bound in the back seat. After driving for a while, TORREZ stopped his vehicle and got into the back seat with J.T. TORREZ forced J.T. to perform oral sex on him, bound her hands with tape, raped her, and again forced her to perform oral sex. After these assaults, TORREZ bound J.T.'s mouth and head with tape and pushed her to the floor of the Durango.

  __X__ YES

  _____ NO

8. On or about February 27, 2010, the defendant, JORGE AVILA TORREZ, drove from Arlington to Prince William County, Virginia, with J.T. on the floor of his Durango, stopping in a wooded area near the highway. TORREZ got into the back seat with J.T. and forced her to perform oral sex on him.

  __X__ YES

  _____ NO

9. On or about February 27, 2010, the defendant, JORGE AVILA TORREZ, in Prince William County, Virginia, attempted to kill J.T. by strangulation. TORREZ wrapped a scarf around J.T.'s neck and tightened it. J.T. lost consciousness. Thinking that she was dead, TORREZ discarded her body in the woods. J.T., however, regained consciousness and crawled through the snow and out of the woods to a nearby road, where she was able to flag down a passing car. J.T. was seriously injured and bleeding from the attack and hospitalized because of her injuries.

    __X__ YES

    _____ NO

10. On or about February 27, 2010, TORREZ was arrested. At the time of his arrest, TORREZ was found in possession of a stun gun and tape in his Dodge Durango, along with personal property belonging to J.T.

    __X__ YES

    _____ NO

11. While incarcerated at the Arlington County jail and awaiting trial for the offenses committed in Arlington County in February 2010, the defendant, JORGE AVILA TORREZ, plotted to have the victim witnesses against him killed. TORREZ drew a map to one of the victim's homes for the person who was to kill this witness against him.

    __X__ YES

    _____ NO

12. On or about July 6, 2010, while incarcerated at the Arlington County jail and awaiting trial for the offenses committed in Arlington County in February 2010, the defendant, JORGE AVILA TORREZ, possessed a "shank," a homemade knife-like weapon used by prisoners to harm or kill others.

    __X__ YES

    _____ NO

13. The defendant, JORGE AVILA TORREZ, has displayed no remorse for the murder of Amanda Jean Snell; rather, the defendant bragged about killing Snell and the thrill it provided.

    __X__ YES

    _____ NO

14. The defendant, JORGE AVILA TORREZ, poses a future danger to others in that he is likely to commit, and direct others to commit, additional acts of violence in any setting, including acts of violence and threats of violence against witnesses who have testified against him and who may testify against him in the future and against prison guards and other officials at institutions where he is or will be incarcerated, as evidenced by his past acts of violence and pattern of violence, his specific threats of violence and his lack of remorse for his violent acts, including the murders of Krystal Tobias, Laura Hobbs and Amanda Jean Snell.



    __X__ YES

    _____ NO

15. The defendant, JORGE AVILA TORREZ, caused injury, harm and loss to the victim and the victim's family and friends, as evidenced by the victim's personal characteristics and by the impact of her death upon the victim's family and friends.

    __X__ YES

    _____ NO

**Instructions:**

After making findings with respect to these alleged non-statutory aggravating factors, proceed to **Section II**, which follows.

## SECTION II
## MITIGATING FACTORS

We, the jury, collectively or individually find the existence of the following mitigating factors by a preponderance of the evidence:

(1) Jorge Avila Torrez was under the age of 18 at the time Laura Hobbs and Krystal Tobias were killed

    a. Number of jurors so finding: 7

(2) _____

    a. Number of jurors so finding: _____

(3) _____     N/A

    a. Number of jurors so finding: _____

(4) _____

    a. Number of jurors so finding: _____

(5) _____

8

  a. Number of jurors so finding: _____

(6) _____ N/A

_____

  a. Number of jurors so finding: _____

(7) _____

_____

  a. Number of jurors so finding: _____

(8) _____

_____

  a. Number of jurors so finding: _____

You may record any additional mitigating factors found by a preponderance of the evidence on the reverse side of this form.

## SECTION III
## SENTENCING RECOMMENDATION

A.  **Death Sentence**

Based upon consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death, we determine, by unanimous vote, that a sentence of death shall be imposed.

    __X__    YES

    _____    NO

If you answer **YES**, sign your names below and proceed to **Section IV**. If you answer **NO**, then the foreperson alone should sign and you should proceed to **Part B** of this section, on the following page.

Date: April 24, 2014

**B.     Life Sentence Without the Possibility of Release**

Based upon consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death, we determine, by unanimous vote, that a sentence of life imprisonment without the possibility of release shall be imposed.

                    _____        YES

                    _____        NO


If you answer **YES**, sign your names below and proceed to **Section IV**.     If you answer **NO**, then the foreperson alone should sign and you should proceed to **Section IV**.

_____            _____

_____            _____

_____            _____

_____            _____

_____            _____
                                          **Foreperson**

                                          Date: _____   ____, 2014

11

## SECTION IV
## CERTIFICATION

By signing below, each juror certifies that consideration of the race, color, religious beliefs, national origin, or sex of the defendant or the victim was not involved in reaching his or her individual decision, and the individual juror would have made the same findings regarding the sentencing recommendation for murder of Amanda Jean Snell no matter what the race, color, religious beliefs, national origin, or sex of the defendant or the victim would have been.

_____
Foreperson
Date: April 24, 2014

12